UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
ESTER KELEN,                                    )
individually and on behalf of                   )
all others similarly situated,                  )
                                                )
                            Plaintiff,           )              16-cv-1617
                                                )
         - against -                            )
                                                )              CLASS ACTION
NORDSTROM, INC. and                             )
NORDSTROM FSB d/b/a                             )              JURY DEMANDED
NORDSTROM BANK,                                 )
                                                )
                            Defendants.          )
-----------------------------------------------------x


COMPLAINT

1.      This action seeks redress for the illegal practices of Defendants Nordstrom, Inc.

and its subsidiary, Nordstrom FSB d/b/a/ Nordstrom Bank (collectively, "Nordstrom"), for

providing, in connection with its credit card accounts, disclosures with inaccuracies or omissions

that violated the Truth in Lending Act ("TILA").

2.      As alleged in greater detail below, Nordstrom failed to furnish account-opening

disclosures with complete and accurate information on applicable account fees in the manner

mandated by the statute and its implementing regulations.

3.      TILA's purpose is to assure meaningful disclosure of credit terms in order to (i)

allow consumers to compare more readily the various credit terms available; (ii) enable consum-

ers to avoid the uninformed use of credit; and (iii) protect consumers against inaccurate and un-

fair billing practices. 15 U.S.C. § 1601(a). The Bank's conduct violates the express provisions of

the TILA and the applicable Regulations.

1

4.     Under the private enforcement provisions of TILA, plaintiff and the proposed class seek the recovery of statutory damages of up to $1,000,000 with respect to each of the Bank's failures to comply, plus actual damages.

### Jurisdiction and Venue

5.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, as well as under 15 U.S.C. § 1640(e), because this action arises under TILA, 15 U.S.C. § 1601 *et seq*.

6.     Venue is proper in this district because Nordstrom transacts business in this district, and the interests of justice require maintenance of this action in this district.

### Parties

7.     Plaintiff Ester Kelen resides in New York County, New York.

8.     Kelen is a "consumer," as that term is defined by § 1602(h) of TILA, because this complaint arises from the Bank's offer and extension of credit to Schwartz, a credit card holder, for personal, family or household purposes.

9.     Upon information and belief, Nordstrom is a corporation doing business in the State of New York and throughout the United States, with principal operations in Seattle, Washington.

10.     Nordstrom is a "creditor," as that term is defined by § 1602(f) of TILA and Regulation Z ("Regulation Z"), 12 C.F.R. § 226.2(a)(17) and 12 C.F.R. §1026.2(a)(17), because at all relevant times, the Bank, in the ordinary course of its business, regularly – *i.e.*, more than 25 times a year – extended or offered to extend consumer credit for which a finance charge is or may be imposed, which is payable in more than four installments.

### Factual Allegations

2

11.     Kelen is the holder of an Nordstrom account issued by Defendants and used for household purposes.

12.     Nordstrom furnished Kelen an account-opening disclosure on March 3, 2015 at its Nordstrom Rack location in New York, New York after she was approved in-store for a Nordstrom credit account and immediately before she made her first Nordstrom account purchase that day. Exhibit A.

13.     The account-opening disclosure included a tabular summary of key account terms, followed by a more detailed explanation of account terms and conditions.

14.     The tabular summary disclosed that the Returned Payment fee was "$25."

15.     Similarly, the issuer furnished a set of terms and conditions disclosing that the fee for payments returned by the consumer's financial institution was $25.

16.     All class members, as defined herein, were furnished account-opening disclosures that failed to completely and accurately disclose, in violation of the statute and its implementing regulations, how the penalty fee for returned payments would be computed by the lender, and how the fee could be an amount other than $25.

### Class Allegations

17.     Kelen brings this action individually and on behalf of all persons similarly situated.

18.     The Class consists of all persons who received an account opening disclosure form with a tabular format and verbiage within the terms and conditions substantially similar to the account-opening disclosure form received by Plaintiff that disclosed the returned payment fee as simply $25.

19.     Specifically excluded from these classes are Defendants, any entity in which Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries or assigns of any such individual or entity.

20.     The members of each class for whose benefit this action is brought is so numerous that joinder of all Class members is not practicable. In light of the tens of thousands of credit cards issued by the Bank every year, the number of class members in each class is believed to be in excess of 1,000 persons.

21.     Kelen's claims are typical of, if not identical to, all members of each class and Schwartz does not have any interest that is adverse or antagonistic to the interests of each class. If the conduct of the Bank violates TILA and the customer agreement as applied to Kelen, then it violates TILA and the customer agreement with respect to each class.

22.     Kelen will fairly and adequately protect the interests of each class as she is committed to the vigorous prosecution of this action and, to that end, has retained competent counsel experienced in complex litigation of this nature.

23.     The class is proper for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The Defendant's actions complained of herein are generally applicable to all class members, thereby making final injunctive relief appropriate with respect to each class as a whole.

24.     Each class is also proper for certification under Federal Rule of Civil Procedure 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein. Because damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impracticable for the

class to seek redress individually for the wrongs they have suffered. Members of each class do not have a particular interest in individually controlling the prosecution of separate actions.

25.     There are questions of law and fact which are common to the members of each class and which predominate over questions affecting only individual members. Common questions of law and fact include, but are not limited to, whether the Bank has a standardized procedure by which it makes account-opening disclosures of a credit customer's penalty fees in ways that are compliant with TILA and Regulation Z.

26.     Upon information and belief, each class consists of thousands of customers.

27.     Thus, a class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

a)  Common questions of law and/or fact predominate over any individual questions which may arise and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of a repetitive individual basis; and

b)  The aggregate volume of the individual class members' claims, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation.

28.     Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of each class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impede their ability to protect their interests.  Moreover, since the actual monetary damages suffered by, or statutory damages available to, individual class members may be relatively small, although significant in the aggregate, the expenses and burdens of individual litigation make it impossible or effectively impossi-

ble for the members of each class to seek individual redress for the TILA violations committed by Defendant.

29.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. The records of the individuals encompassed within each class are in Defendant's possession.

### *Violations of the Truth in Lending Act*

30.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

31.     Congress originally authorized the Federal Reserve Board ("FRB" or "Board") to promulgate regulations granting it broad authority to effectuate the purposes of TILA; that authority is now delegated to the Bureau of Consumer Financial Protection ("Bureau"). 15 U.S.C. § 1604(a)(2008); 15 U.S.C. § 1604(a).

32.     The set of regulations that the FRB promulgated to implement TILA is known as Regulation Z. 12 C.F.R. §226.1 *et seq*.

33.     To reflect its assumption of TILA rulemaking authority as of July 21, 2011, the Bureau issued an interim final rule republishing Regulation Z with only minor changes that did not impose any new substantive obligations on creditors. 76 FR 79768 (Dec. 22, 2011); 12 C.F.R. §1026.1 *et seq*.

34.     TILA requires that "[b]efore opening any account under an open end consumer credit plan, the creditor shall disclose to the person whom credit is to be extended … [i]dentification of other charges which may be imposed as part of the plan, and their method of computation, in accordance with regulations of the Bureau." 15 U.S.C.  §1637(a).

35.     Accordingly, the Bureau implemented this TILA provision and promulgated regulations requiring, for charges imposed as part of an open-end (not home-secured) plan, "the circumstances under which the charge may be imposed, including the amount of the charge or an explanation of how the charge is determined." 12 C.F.R. §1026.6(b)(3).

36.     A returned payment fee, though it emanates from a "failure to use the plan as agreed," is considered a charge imposed as part of an open end (not home-secured) plan. 12 C.F.R. §1026.6(b)(3)(ii), 12 C.F.R. Part 1026 Supp. I, Comment 6(b)(3)(ii).

37.     As such, TILA and Regulation Z require credit issuers to more specifically and accurately represent and disclose even a penalty fee such as the returned payment fee in the account-opening disclosures.

38.     Under TILA and Regulation Z, an issuer may not charge a returned-payment fee in excess of the minimum payment due. 15 U.S.C. § 1665d(b); 12 C.F.R. §1026.52(b)(2)(i) and 12 C.F.R. Part 1026 Supp. I, Comment 52(b)(2)(i)-2.

39.     Thus, the issuer was required to inform the consumer in its account-opening disclosure the complete computation method for the returned payment fee, which it did not.

40.     Further, the issuer's description in the account-opening disclosure table that the returned payment fee as simply "$25" was inaccurate and did not conform to the Bureau's guidance for disclosure when a range of fees up to $25 was possible.  12 C.F.R. Part 1026 Appendix G, Sample Forms G-17(B-C).

41.     With respect to each of the Bank's violations of TILA for noncompliant account-opening disclosures, as alleged above, Plaintiff and the Class are entitled to recover up to $1,000,000 in statutory damages, together with costs and reasonable attorney fees. 15 U.S.C. § 1640(a)(2).

7

**WHEREFORE**, Plaintiff Ester Kelen prays on her behalf and on behalf of each Class that judgment be entered against Defendant as follows:

(1)    An order certifying each proposed Class under Federal Rule of Civil Procedure 23(b)(2) and, additionally or in the alternative, an order certifying the Class under Federal Rule of Civil Procedure 23(b)(3);

(2)    A declaration that the Bank's account-opening disclosures violate the Truth in Lending Act;

(3)    An injunction permanently prohibiting the Bank from engaging in the conduct described;

(4)    Maximum statutory damages as provided under 15 U.S.C. § 1640(a)(2);

(5)    Attorney fees, litigation expenses, and costs; and

(6)    Such other and further relief as to this Court may seem just and proper.

## *Jury Demand*

Plaintiff respectfully requests a trial by jury.

Dated:   New York, New York
         March 2, 2016

                                         Respectfully Submitted,

                                  By:

                                         Harley Schnall
                                         One of Plaintiff's Attorneys

Attorneys for Plaintiff

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
Standard Oil Building
26 Broadway, 21st Floor
New York, NY 10004
(212) 248-7906

Harley J. Schnall
Law Office of Harley J. Schnall
711 West End Avenue
New York, NY 10025
(212) 678-6546

9